UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

TROY McGOWAN                                          CIVIL ACTION

v.                                                    NO. 12-990

NEW ORLEANS EMPLOYERS                                 SECTION "F"
INTERNATIONAL LONGSHOREMEN'S
ASSOCIATION, AFL-CIO PENSION FUND

ORDER AND REASONS

Before the Court is Troy McGowan's motion for new trial. For the reasons that follow, the motion is DENIED.

**Background**

This litigation arises out of a pension fund's alleged improvident termination of a participant's disability retirement benefits and retiree health insurance benefits.

The facts of this case are more completely set forth in this Court's October 15, 2012 Order and Reasons, in which the Court granted defendant New Orleans Employers International Longshoremen's Association Pension Funds' motion for summary judgment, finding that McGowan failed to exhaust his administrative remedies. The undisputed facts relevant to resolving the plaintiff's request for a new trial are summarized as follows:

The New Orleans Employers International Longshoremen's Association, AFL-CIO Pension Fund is an employee pension benefit

1

plan as defined by the Employee Retirement Income Security Act of 1974, as amended, Section 3(2)(A)(I), 29 U.S.C. § 1002(2)(A)(I). Pursuant to a Collective Bargaining Agreement for the Port of New Orleans and Baton Rouge area, the Fund was established to provide disability and pension benefits to its member participants. Civil litigation and enforcement "under the terms of the plan" are governed by 29 U.S.C. § 1132. Predictably, the Plan defines disability, requirements for eligibility to receive disability pension, contains a Claims Review Procedure,[1] and provides a time

---

[1] An excerpt of the Plan's Claims Review Procedure:

**9.5 - Claims Review Procedure**
(a) Any claimant whose application or claim for benefits under the Plan has been denied in whole or in part has the right to appeal the determination in accordance with the Claims Review Procedure described in this Section.
(b) Within 180 days after receipt of an adverse benefit determination for a Disability Claim...the claimant or his representative may appeal the determination by making a written request for review to the Board.... If a timely written request for review is not made, the initial decision on the claim will be final....
The review on appeal will take into account all comments, documents, records and other information submitted by the claimant and relating to the claim, without regard to whether it was submitted or considered in the initial determination. For Disability Claims, no deference will be given to the initial determination....
(c) A decision on appeal must be made within a reasonable period of time following the request for review and no later than the first regularly scheduled Board meeting immediately following receipt of the request for review....
(d) If a claim is denied in whole or in part on review, the notice of the decision on review to the claimant will set forth the following information in a manner calculated to be understood by the claimant....

limit for filing lawsuits;[2] the Plan is administered by the Pension Board and Thomas R. Daniel.

Troy McGowan, a longshoreman covered by the Plan of benefits administered by the Fund, qualified for disability effective December 2003 after he was injured while winding up the landing gear on a container.[3] Years later on April 18, 2011 McGowan and Plan Administrator Daniel discussed that, if McGowan engaged in gainful employment, then disability pension and health benefits would be terminated.[4] Two days later, Daniel wrote McGowan:

---

(e)   A decision on review of any claim made under the Plan, or an initial decision on a claim under the Plan that is not timely appealed, will be conclusive, final and binding on all persons.

[2]Section 9.6 limits the time for filing lawsuits:
**9.6 - Time Limit for Legal Actions**
In no event may legal action be brought by or on behalf of any individual to receive benefits under the Plan unless the individual or his representative, if any, has first fully complied with and timely exhausted the Claims and Claims Review Procedures under the Plan.  In addition, in no event may legal action be brought to contest or set aside a decision on a claim, initially or upon review, or otherwise to receive benefits under the Plan, unless it is filed in a court of competent jurisdiction within one (1) year following the date of written notice of the decision denying the claim on review or other final decision on a claim.

[3]As a result of his disabling injury, McGowan settled with his stevedore employer pursuant to the Longshore and Harbor Worker's Compensation Act; the settlement was approved on July 16, 2002.  In the settlement agreement, McGowan stipulated that he was permanently disabled from returning to work on the Waterfront.

[4]In his Response to List of Uncontested Material Facts, McGowan "admit[s]" this fact; in his complaint, however, he alleges that he contacted Daniel regarding the hospitalization of his newborn child "and was confronted by Mr. Daniel with an allegation that he worked at Lowe's and therefore should be terminated from

3

> This is to confirm our discussion of April 19, 2011 concerning the termination of your Disability Retirement pension benefit payments and your retiree health insurance benefits effective April 30, 2011. You called me on April 18...to inquire about returning to work as a longshoreman. I asked you if you were no longer disabled and you replied that you could perform longshoreman work and that you were currently working construction at a job site at Lowes. You also said you worked in the longshore industry for several employers during the 2009/2010 labor contract year.
>
> You qualified to receive a Disability Retirement pension benefit on December 1, 2003 from the Pension Plan because you were deemed disabled from performing work as a longshoreman by the Fund's physician (see Transcription from Concentra Medical Centers enclosed). The Trustees approved your application for a Disability Retirement benefit on January 1, 2004 to be effective December 1, 2003 in the gross amount of $435.00 per month.
>
> The Plan provides that Disability payments will end if you cease to be Disabled or if you return to work other than for the purpose of rehabilitation at a nominal wage (see pages 15 and 16 of the enclosed Summary Plan Description booklet). Since you are no longer disabled from performing longshoreman work, your Disability retirement benefit payments will end on April 30, 2011. Your final payment was April 1, 2011. You may retire with a reduced Early Retirement benefit between the ages of 51 and 62 or you may defer your retirement date until age 62 at which time you will receive your full Vested Retirement benefit.
>
> You and your dependents' retiree health insurance benefit will also terminate on April 30, 2011 because you must be retired in order to qualify to receive those benefits.
>
> Your post-appeal rights are set forth on pages 36-39 of the enclosed Summary Plan Description booklet. Please note your right to pursue legal action under Section 502(a) of ERISA. The limitation period is one (1) year from today.....

The Fund received no written appeal advising it that McGowan

---

[receiving] benefits."

contested the ending of the disability benefits.[5]

Thereafter, on September 12, 2011, McGowan's then-attorney, Scott Bickford, wrote to the Fund that he was assisting McGowan in returning to work as a longshoreman. Bickford described McGowan as "re-certified in Hazmat training, lift truck operations, heavy truck operations and completed the classroom and written test for top load operations." On February 9, 2012, nearly 10 months after the April 20 letter confirming an end to McGowan's disability benefits, McGowan, represented by new counsel, William Vincent, sought to continue eligibility for disability benefits.[6] On March 1, 2012 Vincent again wrote Daniel:

> Enclosed please find a Residual Functional Capacity Evaluation for Longshoreman dated February 27, 2012 completed by Dr. Joseph Miceli. As per my telephone conversation with you today, please forward the Soc Security forms which are required of my client and a waiver of prescription extending my client's right to file court proceedings....

---

[5]McGowan suggested in motion practice that he contested this assertion, pointing to "exhibit A." Buried in those administrative hearing meeting minutes from August 17, 2012 is a position advanced by McGowan and his counsel that McGowan called Mr. Daniel after receiving the April 20 letter; McGowan suggests that his phone call was his intention to appeal.

[6]Specifically, McGowan's counsel wrote:

> By this letter, I formally request that Mr. McGowan be reevaluated by a physician employed by the Fund with regards to his continuing eligibility for disability benefits. It is my understanding that this request will be presented to the board at it's [sic] upcoming meeting which would allow time for evaluation prior to the one year limitation....

5

On April 18, 2012 McGowan sued NOE-ILA Pension Fund in this Court, to challenge the termination of his benefits pursuant to ERISA, 29 U.S.C. § 1001.[7] After the Fund requested dismissal or summary relief on the ground that McGowan failed to timely exhaust his administrative remedies, on September 12, 2012 the Board of the Fund issued its "final decision" with respect to McGowan's request through counsel that disability benefits be continued:

> The April 20, 2011 administrative action taken by the Plan Administrator was correct. The subsequent "appeal" was untimely. Thus, the April 20, 2011 stands as conclusive and final as affirmed here by the Board of Trustees.

After the Fund had requested dismissal of McGowan's lawsuit and after the Board issued its "final decision", McGowan amended his complaint (as a matter of course) on October 1, 2012, adding allegations that he exhausted his administrative remedies and that the Board itself failed to comply with the Plan. The Fund filed reply papers in support of their motion to dismiss or motion for summary judgment, maintaining their position that McGowan's lawsuit should be dismissed because McGowan failed to comply with the terms of the Plan, which require exhaustion of administrative remedies before filing a lawsuit. On October 15, 2012 this Court granted

---

[7]Meanwhile, the Trustees held an administrative hearing on August 17, 2012, at which time a written record was developed and evidence was received from McGowan and his counsel. According to the minutes of the special "Pension Hearing", Fund Counsel stated that "a formal appeal hearing was called in regard to Mr. Troy McGowan's disability retirement."

6

the defendant's motion for summary judgment, finding that McGowan failed to exhaust his administrative remedies under the Plan. The next day, Judgment was entered in favor of the Fund. The plaintiff now seeks reconsideration of the Court's October 16, 2012 Judgment entered in favor of NOE-ILA Pension Fund.

I.

Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Fed.R.Civ.P. 59(e). Rule 60(b), on the other hand, applies to motions filed after the 28-day period, but demands more "exacting substantive requirements." See Lavespere v. Niagara Machine & Tool Works, 910 F.2d 167, 173-74 (5th Cir. 1990), abrogated on other grounds, Little v. Liquid Air Corp., 37 F.3d 1069, 1078 (5th Cir. 1994)(en banc).

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004) (quoting In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79. Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have

7

been presented earlier in the proceedings.  See id. at 479; Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010)("a motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued'")(citing Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003)(quoting Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The grant of such a motion is an "extraordinary remedy that should be used sparingly." Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc., 114 Fed.Appx. 137, 143 (5th Cir. Nov. 11, 2004) (citing Templet, 367 F.3d at 479).  The Court must balance two important judicial imperatives in deciding whether to reopen a case in response to a motion for reconsideration: "(1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Templet, 367 F.3d at 479.

Because the Court entered the challenged Judgment on October 16, 2012, and the plaintiff filed his motion to reconsider 27 days later, the motion to amend is timely under Rule 59(e).

II.

McGowan urges the Court to reconsider its Judgment in favor of the Fund:  McGowan contends that he was denied his appeal rights as

8

a result of the Board's intentional misrepresentation of the plaintiff's rights under the Plan or, alternatively, that the Board violated the Plan procedure and ERISA law by issuing a final decision without affording him an appeal. For these reasons, McGowan insists, the Fund should not be permitted to raise as a defense his failure to exhaust administrative remedies. McGowan suggests that he does not raise new arguments or rely on new evidence but, rather, he contends that the Court failed to consider the incorrect representations in Daniel's letter, and the Court failed to determine that the Plan was not reasonably maintained.

The Fund counters that McGowan asserts one new argument: that he was denied his appeal rights as a result of the Board's and its Administrator's *intentional* misrepresentation of the plaintiff's rights under the Plan. The Fund insists that McGowan should not be permitted to do what courts have consistently instructed against by advancing theories, rehashing old arguments, and using the new trial motion as an appeal. The Court agrees.

In granting summary relief in favor of the Fund, this Court considered the contents of the April 20 letter, and rejected McGowan's argument that the letter was legally inadequate to trigger his appeal rights:

> [McGowan] provides no support for his argument and, even if the Court indulged him, the contents of the April 20 letter is in substantial compliance with ERISA such that the letter triggered the running of his administrative appeal period. See 29 U.S.C. § 1133; see also Lacy v. Fulbright & Jaworski, 405 F.3d 254, 256-57 (5th Cir.

> 2005)(holding that an initial denial notice need only be in substantial compliance with 29 U.S.C. § 1133 and the DOL Regulations...in order to trigger an ERISA appeal period). The record shows that, by the April 20 letter, McGowan was informed that his benefits were being terminated and why, with references to the pages of the attached summary plan description book; McGowan was advised about his post-appeal rights and directed to the pages of the enclosed summary plan booklet for more information; and he was also advised about his right to file an ERISA lawsuit. McGowan fails to persuade the Court that the letter fails to substantially comply with the statutory and regulatory notice requirements. To the contrary, he had all of the Plan appeal procedure pinpointed for him....

<u>McGowan v. New Orleans Employers Int'l Longshoremen's Assn. AFL-CIO Pension Fund</u>, No. 12-990, 2012 WL 4885092, at *7 (E.D. La. Oct. 15, 2012). To the extent McGowan does not simply rehash arguments previously advanced, he raises arguments that should have been made previously. "[A] motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" <u>Rosenblatt v. United Way of Greater Houston</u>, 607 F.3d 413, 419 (5th Cir. 2010). In any event, the Court determined that the record demonstrated that McGowan did not comply with the Plan's claim review procedures; he failed to exhaust his administrative remedies under the Plan. His arguments now do not alter that determination.

Accordingly, because McGowan has failed to demonstrate that this Court manifestly erred in law or in fact, the plaintiff's

motion for new trial is DENIED.

New Orleans, Louisiana, December 19, 2012

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE